**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LBT IP II LLC, | |
| Plaintiff | Civil Action No. 6:21-cv-01210-ADA |
| v. | **JURY TRIAL DEMANDED** |
| UBER TECHNOLOGIES, INC. | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER
VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. §1404(A)**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL BACKGROUND.......................................................................... 1

III.    FACTUAL BACKGROUND ................................................................................. 2

IV.     AUTHORITY ....................................................................................................... 5

V.      ARGUMENT........................................................................................................ 6

       A.      Relative Ease of Access to Proof Factor Weighs Against Transfer....................... 6

       B.      Availability of Compulsory Process Factor Weighs Against Transfer.................. 7

       C.      Cost of Attendance for Willing Witnesses Factor Weighs Against Transfer ........ 8

       D.      Other Practical Problems Factor is Neutral ........................................................ 11

       E.      Administrative Difficulties from Court Congestion Factor Weighs Against
             Transfer ............................................................................................................ 11

       F.      Local Interest Factor Weighs Against Transfer .................................................. 13

       G.      Familiarity of the Forum with the Law Factor is Neutral ................................... 14

       H.      Avoidance of Conflict of Laws with Foreign Law Factor is Neutral ................. 15

VI.     CONCLUSION.................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Apple, Inc.*,
  No. 2:17-CV-00516-JRG, 2018 WL 2721826 (E.D. Tex. June 6, 2018) ...............................14

*Aloft Media, LLC v. Adobe Sys. Inc.*,
  No. 6:07-CV-355, 2008 WL 819956 (E.D. Tex. Mar. 25, 2008) ..........................................6, 7

*Appliance Computing III, Inc. v. Redfin Corp.*,
  No. 6-20-cv-00376-ADA (W.D. Tex., filed May 11, 2020).....................................................13

*Babbage Holdings, LLC v. 505 Games (U.S), Inc.*,
  No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195 (E.D. Tex. Oct. 1, 2014) ..........................5

*Balawajder v. Scott*,
  160 F.3d 1066 (5th Cir. 1998) ..................................................................................................5

*CloudofChange, LLC v. NCR Corp.*,
  No. 6-19-CV-00513, 2020 WL 6439178 (W.D. Tex. Mar. 17, 2020)................................8, 13

*Densys Ltd. v. 3Shape Trio A/S*,
  6-19-CV-00680 (W.D. Tex., filed Nov. 26, 2019) ..................................................................13

*EcoFactor, Inc. v. Google LLC*,
  No. 6-20-cv-00075 (W.D. Tex., filed Jan. 31, 2020)...............................................................13

*Ecofactor, Inc. v. Vivint, Inc.*,
  No. 6:20-cv-00080-ADA, 2021 WL 1535414 (W.D. Tex. Apr. 16, 2021) ...............8, 9, 10, 12

*ESW Holdings, Inc. v. Roku, Inc*.,
  No. 6-19-CV-00044 (W.D. Tex., filed Feb. 8, 2019) ..............................................................13

*Fintiv Inc. v. Apple Inc.*,
  No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) ........................................6

*Fintiv, Inc. v. Apple Inc.*,
  No. 6:18-cv-00372-ADA, 2019 U.S. Dist. LEXIS 171102, 2019 U.S. Dist.
  LEXIS 171102 (W.D. Tex. Sep. 10, 2019)................................................................................7

*Freshub, Inc. et al v. Amazon.Com Inc.*,
  No. 6-21-CV-00511 .................................................................................................................13

*In re Genentech, Inc.*,
  566 F.3d at 1342 ...................................................................................................................9, 11

*Hockenbergs Equip. & Supply Co. v. Team Contractors, LLC*,
No. EP-18-CV-00346-MAT, 2019 WL 11553491 (W.D. Tex. June 14, 2019) ...................... 9

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ..................................................................................................6, 14

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
No. 2:17-CV-0577-JRG, 2018 WL 4175934 (E.D. Tex. June 29, 2018) ..............................14

*Jiaxing Super Lighting v. CH Lighting Tech.*,
6-20-cv-00018 (W.D. Tex., filed Jan. 10, 2020)...................................................................13

*MV3 Partners v. Roku*,
6-18-CV-00308 (W.D. Tex., filed Oct. 16, 2018) .................................................................12

*NCS Multistage v. Nine Energy*,
No. 6-20-cv-277 (W.D. Tex., filed Mar. 24, 2020) ..............................................................13

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)..............................................................................................5

*Profectus v. Google*,
6-20-CV-00101 (W.D. Tex., filed Feb. 10, 2020) .................................................................13

*In re Radmax*,
720 F.3d 285 (5th Cir. 2013) ..................................................................................................6

*S.A.R.L. v. LG Elecs. Inc.*,
No. 2:14-CV-912-JRG-RSP, 2016 WL 4265034 (E.D. Tex. Aug. 12, 2016) .......................13

*Scramoge Tech. Ltd. v. Samsung Elec's Co. Ltd.*,
No. 6:21-CV-00454, 2022 U.S. Dist. LEXIS 92262 (W.D. Tex. May 16,
2022) ................................................................................................................................9, 12

*Seven Networks, LLC v. Defendant LLC*,
No. 2:17-CV-00442-JRG, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018).............................8

*Stingray Music USA, Inc. v. Music Choice*,
No. 2:16-CV-964-JRG-RSP, 2017 WL 1022741 (E.D. Tex. Mar. 16, 2017) .........................7

*Super Interconnect Techs. V. Google LLC*,
6:20-CV-00259-ADA, 2021 U.S. Dist. LEXIS 242299 (W.D. Tex., Nov. 8,
2021) ......................................................................................................................................7

*SynKloud Techs., LLC v. Dropbox, Inc.*,
No. 6:19-cv-00525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020) .............................9

*VideoShare v. Google LLC*,
    6-19-CV-663 (W.D. Tex., filed Nov. 15, 2019) ........................................................13

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6-21-CV-00057 (W.D. Tex., filed Apr. 11, 2019) ............................................13

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 204) ................................................................................5, 6

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (*en banc*) ..............................................................5, 11

*Wahlstrom v. B & A Carrier LLC*,
    No. 2:18-cv-00313-JRG, 2019 WL 130296 (E.D. Tex. Jan. 8, 2019).....................11

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
    No. 2:17-CV-00456-JRG, 2018 WL 4620636 (E.D. Tex. May 22, 2018) .............5

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
    No. 2:10-CV-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ...................14

**Statutes**

28 U.S.C. § 1404 ....................................................................................................5

28 U.S.C. § 1404(a) ...............................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 13

## I.      INTRODUCTION

Transfer of venue in this case would be inappropriate: it would substitute Plaintiff LBT's choice of forum in favor of Defendant Uber's apparently preferred forum.

Defendant asks this Court to improperly apply 28 U.S.C. §1404(a), ignore the weight that should be given to the forum Plaintiff chose to bring this suit, and ignore LBT's significant contacts with, and presence within, Texas and the Western District. Namely, documents, prototypes of the patented products, and the primary inventor of the patents-in-suit—a key witness Plaintiff intends to call at trial—all reside in *this* district. That inventor is *not* an employee of Plaintiff or any related entities, and thus cannot be compelled to travel to Uber's proposed venue (the Northern District of California) for trial. Indeed, LBT does not have any significant contacts with the Northern District of California, and Uber would not have been able to hail LBT before that court.

Defendant has not identified any "key" witnesses or witnesses it intends to call at trial who are unwilling or unable, or otherwise could not be brought by Defendant to a trial in the Western District of Texas. On the other hand, LBT's primary inventor witness has indicated an unwillingness to travel to California for trial, and cannot be compelled to attend trial in the Northern District of California. *See* Exhibit 1, Scalisi Declaration, at ¶¶ 12, 13.

## II.     PROCEDURAL BACKGROUND

LBT filed its Complaint initiating this case on November 19, 2021. More than two months later, on January 27, 2022, Defendant sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6). That Motion is fully briefed.

Then, on February 25, 2022, more than three months after LBT's Complaint, Defendant filed the present Motion seeking to transfer venue to the Northern District of California. Clearly, Defendant seeks to do whatever it can to avoid having this case tried before this Court.

The parties have engaged in venue-related discovery including exchanges of interrogatories (and responses thereto) and requests for production of document (including exchanges of responsive documents). *See*, Exhibit 2 hereto, Plaintiff's Verified Supplemental Responses to Defendant's Venue-Related Interrogatories, and Exhibit 3 hereto, Plaintiff's Responses to Defendant's Venue-Related Requests for Production.

## III.   FACTUAL BACKGROUND

As set forth in its Complaint, LBT, Inc. was created by Joseph Scalisi who invented a product named the PocketFinder® which he used to monitor the location of his son as he socialized after school. Dkt. 1, ¶¶ 31-34. Mr. Scalisi was the originator of the patented PocketFinder® technologies. Mr. Scalisi continues currently to develop the patented PocketFinder® technologies, as well as other technologies in this District. Based on Mr. Scalisi's inventions, LBT, Inc. obtained 41 U.S. utility and design patents. Dkt. 1, ¶ 35. Mr. Scalisi is the primary inventor on all four of the asserted patents-in-suit. Dkt. 1, ¶ 33.

LBT, Inc. began its operations in Orange County, California. Exhibit 2, Supplemental Interrogatory Responses, p. 9. Subsequently, Mr. Scalisi, LBT, Inc.'s primary research and development lead, moved to Austin, Texas where he continues with additional research projects. *Id.*; Exhibit 1, Scalisi Dec., ¶ 7. LBT, Inc. also houses several other of its most critical functions, including its operations server array, its proprietary system, applications and device interface which has been housed with Rackspace Technology for at least 10 years and is located in San Antonio, Texas. Exhibit 1, Scalisi Dec. ¶ 8; Exhibit 2, Supplemental Interrogatory Responses, pp. 13-14.

LBT's choice of forum is based on several important facts. As an initial and very important matter, the primary inventor of all of the asserted patents, Mr. Scalisi—who LBT intends to call as a primary witness—resides in the Western District of Texas. Mr. Scalisi

decided to move from California in 2020, decided to move to Austin, Texas, and moved to Austin in February 2021 because he is a technology developer, and he viewed this District as being particularly welcoming to technology development. Exhibit 1, Scalisi Dec., ¶¶ 9, 10.

In particular, Mr. Scalisi felt that Texas had more technological resources to support development of technology related to his PocketFinder® product as well as other technology which Mr. Scalisi continues to develop. Exhibit 1, Scalisi Dec., ¶¶ 9, 10. Further, Mr. Scalisi decided that Texas is far more advantageous from a financial and tax perspective than California. Exhibit 1, Scalisi Dec., ¶¶ 9, 10. Mr. Scalisi's decision to move to Texas had nothing to do with any plans or decisions related to litigation, but rather because it is a much more advantageous location for a developing technology company. Scalisi Dec., ¶¶ 9, 10; Exhibit 2, Supplemental Interrogatory Responses at pp. 11-12.

Mr. Scalisi is not employed by LBT or any related entity. Exhibit 1, Scalisi Dec., ¶ 13. Moreover, Mr. Scalisi's files and prototypes from his development of the patented inventions are located in this District. Exhibit 1, Scalisi Dec., ¶ 11; Exhibit 2, Supplemental Interrogatory Responses at pp. 9-10.

As explained in the Complaint and in Plaintiff's Responses to Defendant's Interrogatories, Mr. Sclaisi moved to this District to continue development of his technologies because this District is less expensive from tax and other perspective for small technology developers. Exhibit 2, Supplemental Interrogatory Responses at pp. 9-10. Mr. Scalisi's move to this District is consistent with moves of several technological companies and figures who have moved to this District. Exhibit 1, Scalisi Dec., ¶ 9.

3

Further, LBT is incorporated in Texas, and its corporate offices are located in Texas.
Potential witnesses for LBT are located in the following locations and within the following U.S.
District Courts in parentheses:

- o   Joseph Scalisi (primary inventor) – Austin, Texas (W.D. Tex.)

- o   David Morse (inventor) – Sherwood, Oregon (D. Or.)

- o   Desiree Mejia (inventor) – Yorba Linda, California (C.D. Cal.)

- o   Michael Beydler (inventor) – On information and belief, Oahu, Hawaii (D. Haw.)

- o   Roger Anderson (inventor) – On information and belief, Arcadia, California (C.D. Cal.)

- o   Alfred G. Allen, III (officer of LBT) – Graham, Texas (N.D. Tex.)

- o   Gregg Haugen (officer of LBT) – Orono, Minnesota (D. Minn.)

Exhibit 2, Supplemental Interrogatory Responses, pp. 12-13.

Importantly, ***none*** of these LBT witnesses are located in the Northern District of
California. Messrs. Beydler and Anderson are named inventors of the '355 Patent (but not the
'274, '855 Patent, or '289 Patents). Neither is employed by, or associated with, the Plaintiff and
cannot be compelled to attend trial in Northern California. Further, Mr. Scalisi and Ms. Mejia are
not employed by the Plaintiff and cannot be compelled to attend trial in Northern California.
Exhibit 2, Supplemental Interrogatory Responses, pp. 12-13. Plaintiff has also identified two
potential expert witnesses for trial, Dr. Mark Jones, who is located in Blacksburg, Virginia, and
Mr. Paul Benoit, who is located in Austin, Texas.

In addition, for the last ten years LBT has housed its operations server array, its proprietary
system, applications and device interface with a contractor, Rackspace Technology, located within
this District in San Antonio, Texas. Exhibit 2, Supplemental Interrogatory Responses at pp. 13-14.

## IV.    AUTHORITY

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, a Plaintiff's choice of forum should be given deference, and a motion to transfer venue under § 1404(a) should be granted only upon a showing that the transferee venue is "clearly more convenient." *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *Babbage Holdings, LLC v. 505 Games (U.S), Inc.*, No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195 (E.D. Tex. Oct. 1, 2014).

Thus, Defendant bears the burden to demonstrate that the proposed transferee venue is ***clearly*** more convenient. *See In re Volkswagen*, 545 F.3d at 315. As such, in this case the Court should draw reasonable inferences and resolve factual conflicts in favor of LBT. *See Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018). As such, LBT's choice of forum is given deference, and the statute "places a significant burden on the movant to show good cause for the transfer." *Volkswagen*, 545 F.3d at 315 n.10. District courts have "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). Fifth Circuit law controls the § 1404 analysis. *See Nintendo*, 589 F.3d at 1197.

The § 1404 analysis turns on several public and private interest factors. The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy expeditions and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 204) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 241 n.6 (1982)). The public factors include: "(1) the administrative

difficulties flowing from court congestion; the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*In many cases, if the public and private interest factors are split or, in aggregate, there is a slight leaning in favor of transfer, the motion should be denied. There has been consistent emphasis on the defendant's significant burden to demonstrate that the Northern District of California would be clearly more convenient. *See e.g., Kuster v. Western Digital Techs. Inc.*, 6-20-CV-00563-ADA, 2021 U.S. Dist. LEXIS 25256 (W.D. Tex. Feb. 9, 2021); *ACQIS LLC v. MiTAC Computing Tech. Corp*, W-20--CV-389-ADA, 2021 U.S. Dist. LEXIS 4805431 (W.D. Tex. Oct. 14, 2022); *Monterey Rsch., LLC. v. Broadcom Corp.*, W-21-CV-00542-ADA, 2022 U.S. Dist. LEXIS 3036 (W.D. Tex. Feb. 21, 2022). The factors "are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.*

Convenience is analyzed based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Courts evaluate these factors based on "the situation which existed when the suit was instituted." *Id.*

## V.    ARGUMENT

### A.    Relative Ease of Access to Proof Factor Weighs Against Transfer

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is relative ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013). "[P]atent litigation usually involves sources of proof that are readily convertible to an electronic medium." *Aloft Media, LLC v. Adobe Sys. Inc.*, No. 6:07-CV-355, 2008 WL 819956, at *4 (E.D. Tex. Mar. 25, 2008). "With the volume of documentary evidence associated with a patent case, it

is presumed that the parties will exchange discovery electronically. Any convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document." *Id*. As such, "[t]he importance of the location of sources of proof is largely a fiction," and the Court may "diminish[] the importance of this factor in the overall transfer analysis, especially where, as is the case here, the movant has identified no sources of proof that cannot be transferred electronically." *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-CV-964-JRG-RSP, 2017 WL 1022741, at *3 (E.D. Tex. Mar. 16, 2017).

While the parties expect Defendant to produce technological and financial discovery, there is no reason to believe that Defendant will not produce (and will not be able to produce) those documents electronically to LBT's outside counsel in Dallas, just as it did with each of its previous document productions related to this Motion. The vast majority of the evidence in this matter is electronically available. Indeed, Defendant has already told LBT's counsel that its relevant source code is present and available for inspection in Defendant's counsel's Dallas office.

And the only physical documents of record are stored either in Austin, Texas, with Mr. Scalisi or in Sherwood, Oregon with Mr. Morse. As such, this factor weighs significantly against transfer.

### B.    Availability of Compulsory Process Factor Weighs Against Transfer

This Court has recognized that "the convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 U.S. Dist. LEXIS 171102, 2019 U.S. Dist. LEXIS 171102, at *17 (W.D. Tex. Sep. 10, 2019). However, "there is no magic number of how many witnesses must be in one district compared to the other." *Super Interconnect Techs. V. Google LLC*, 6:20-CV-00259-ADA, 2021 U.S. Dist. LEXIS 242299, at *13 (W.D. Tex., Nov. 8, 2021).

To carry its burden with respect to this factor, Defendant must identify witnesses that are unwilling to attend trial. "When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-CV-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020). Further, Defendant must show that such unwilling witnesses will actually be called at trial; the burden is not met where the movant provides little evidence as to what the witnesses would testify to and no statement as to which of the non-party witnesses, if any, will be called to testify. *Ecofactor*, 2021 WL 1535414, at *4.

Here, the record lacks any evidence or even statements that Defendant intends to call any non-party who is unwilling to testify. Defendant does identify several of its employees located in the Northern District of California. *See* Declaration of Bozhena Bidyuk, Dkt. No. 36. However, the Bidyuk Declaration does not indicate that all of those witnesses will be called to testify, and importantly, does not indicate that any of those witnesses will be unable or unwilling to travel to this District if they are called to testify. Surely Defendant Uber has the resources to transport its employees to this District to testify if so desired.

To the contrary, however, LBT has identified its primary witness who is neither a party nor an employee of a party and who has indicated a desire not to travel to California for trial. Further, of the witnesses identified above whom LBT intends to call to trial, ***none*** are located in the Northern District of California. And Mr. Scalisi, Ms. Mejia, and Messrs. Beydler and Anderson are not employed by LBT or otherwise under an obligation to travel to the Northern District of California. Accordingly, this factor favors denial of Defendant's Motion.

### C.      Cost of Attendance for Willing Witnesses Factor Weighs Against Transfer

This factor focuses on the cost of attendance for willing witnesses. *Seven Networks, LLC v. Defendant LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4026760, at *9-10 (E.D. Tex. Aug. 15,

2018). This is the most important factor in the transfer analysis (*i.e.*, the convenience of the witnesses). *In re Genentech, Inc.*, 566 F.3d at 1342. "When analyzing this factor, the Court should consider all potential materials and relevant witnesses." *Scramoge Tech. Ltd. v. Samsung Elec's Co. Ltd*., No. 6:21-CV-00454, 2022 U.S. Dist. LEXIS 92262, at *10, (W.D. Tex. May 16, 2022) (citing *Alacritech Inc. v. CenturyLink, Inc*., No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017)).

However, "the convenience of party witnesses is given little weight." *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *Ecofactor*, 2021 WL 1535414, at *5 ("Courts properly give more weight to the convenience of non-party witnesses than to party witnesses.").

Again, Defendant provides no indication of which witnesses, if any, it intends to call at trial. That Defendant's representatives may have to sit for deposition has little or no bearing on the Court's analysis of this factor. Instead, this factor focuses on the cost for willing witnesses to *attend trial*. *See Hockenbergs Equip. & Supply Co. v. Team Contractors, LLC*, No. EP-18-CV-00346-MAT, 2019 WL 11553491, at *2 (W.D. Tex. June 14, 2019) (discussing the "costs of attendance at trial"). Of course, a witness who has already been deposed will not be further inconvenienced if the witness does not attend trial. Defendant does not identify any willing witness that it intends to call at trial and therefore does not show that this factor favors transfer.

LBT, on the other hand, identifies its primary witnesses that expects to call at trial and is willing to attend in this District, but does not desire or intend to attend in California. First and foremost, Joseph Scalisi is a non-party witness who has knowledge that directly supports LBT's case-in-chief. Exhibit 1, Scalisi Dec., ¶¶ 4-6.; Exhibit 2, Supplemental Interrogatory Responses, at pp. 12-13. As set forth above, Mr. Scalisi is a former officer of LBT, has knowledge of LBT's

corporate structure, LBT's business model, and the services LBT provides. Mr. Scalisi lives and works in Austin, Texas. Scalisi Dec. ¶¶ 5, 6. As such, Mr. Scalisi can "travel to Waco, Texas to provide testimony without the need of securing a flight or overnight lodging accommodations." *Id*. ¶ 8. Travel to the Northern District of California, on the other hand, would be "far less convenient and far more expensive." *Id*.

**David Morse** intends to willingly testify at trial. Mr. Morse is the president of LBT, Inc. and is a named inventor on three of the asserted patents and lives and works in Sherwood, Oregon. Mr. Morse has relevant knowledge related to the asserted inventions, the assignments and essentially how the patents became owned or assigned to LBT today as well as some issues relating to damages and priority dates and conception and reduction to practice. While travel to Waco by Mr. Morse would require airfare and overnight lodging (*i.e.*, travel from Oregon), travel to the Northern District of California also would require airfare and overnight lodging.

**Gregg Haugen** also is expected to testify at trial. Mr. Haugen is the Chief Executive Officer of LBT and lives and works in Minnesota. Mr. Haugen has relevant knowledge related to, among many other things, the origination and management of LBT's patent portfolio. Similarly to Mr. Morse travel by Mr. Haugen to Waco for trial would be convenient. As with Mr. Morse, while travel to Waco would require Mr. Haugen to secure airfare and overnight lodging, travel from Oregon to a Northern District of California court would also require airfare and overnight lodging.

Given the typical time limits at trial, parties generally call, in addition to expert witnesses, "no more than a few party witnesses — and even fewer third-party witnesses." *Ecofactor*, 2021 WL 1535414, at *5. LBT identifies primarily two party-witnesses (Messrs. Morse and Haugen) and one nonparty witness (its primary fact witness, Mr. Scalisi) whom it intends to call at trial.

The party-witnesses do not believe that trial in this District would be inconvenient, and the primary non-party witness declared that trial in this District would be far more convenient. Moreover, all of Mr. Scalisi's materials, including prototypes, including approximately two dozen samples, retail packaging, devices, boards, plastic and batteries related to the asserted patents and the PocketFinder® product are located in this District. All of the other non-party witnesses identified above would need to travel whether the trial is conducted in this District or in the Northern District of California.

Given that the convenience of party-witnesses is afforded little weight, and that the primary non-party witness, and all of his materials are located in this District, this factor weighs heavily against transfer.

### D.    Other Practical Problems Factor is Neutral

When considering the practical problems factors courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 314-15. "Practical problems include those that are rationally based on judicial economy." *Wahlstrom v. B & A Carrier LLC*, No. 2:18-cv-00313-JRG, 2019 WL 130296, at *4 (E.D. Tex. Jan. 8, 2019). In this case, LBT has not asserted the patents-in-suit against other defendants, and thus LBT agrees with Defendant that this factor is neutral.

### E.    Administrative Difficulties from Court Congestion Factor Weighs Against Transfer

The relevant inquiry under the "court congestion" factor is "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc*. 566 F.3d 1338, 1347 (Fed. Cir. 2009). There is no question that the Court is fully equipped to resolve this case at trial more quickly than a Northern District of California court.

This Court has shown its ability to conduct in-person jury trials in a safe and efficient manner during the COVID-19 pandemic. Since October 2020, the Court has held numerous in-person jury trials. *See Ecofactor, Inc. v. Vivint, Inc.*, No. 6:20-cv-00080-ADA, 2021 WL 1535414, at *6 (W.D. Tex. Apr. 16, 2021). The Court has pronounced that it "is fully open and equipped to safely conduct jury trials in the COVID-19 pandemic." *Id*.

For a significant period during the COVID-19 pandemic, the Northern District of California suspended in-person hearings. A current review of the website for the Northern District of California indicates that it apparently abrogated its prior closure orders as of July 1, 2021, but left to the individual judges the decisions as to whether to hold in person hearings. See Exhibit 3, Northern District of California General Order No. 78 (June 15, 2021). However, even assuming Northern District of California courts begin to reopen soon, there likely will be significant delays in bringing cases through the *Markman* process and ultimately through trial. Thus, the Northern District of California court is not currently equipped as well as this Court to handle the fast-approaching claim construction proceedings in this case and ultimate trial in a timely manner.

Even without the Northern District of California's backlog caused by the pandemic, "[t]his Court's default schedule would lead to a trial date much sooner than the average time to trial in the [Northern District of California]." *Id*. Looking at statistics particularly relevant to the facts of this case, in the year 2020, cases that went to trial were terminated nearly 1.5 years more quickly in this District than in the Northern District of California. *See*, *Scramoge Tech.*, at *11 ("average time to trial in patent cases in the NDCA if now 45.2 months. … Despite this Court's larger patent caseload, this Court consistently reached trials faster than the NDCA, with an approximate time to trial of two years") (citing *Billjco, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 607890, at *8 (W.D. Tex. Mar. 1, 2022); *See also,, e.g., MV3 Partners v. Roku,* 6-18-CV-00308 (W.D. Tex.

Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC*, No. 6-19-CV-00513 (W.D. Tex. August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6-21-CV-00057 (W.D. Tex. Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc.*, No. 6-21-CV-00511((W.D. Tex. Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*., No. 6-19-CV-00044 (W.D. Tex. Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus v. Google*, 6-20-CV-00101 (W.D. Tex. Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6-20-cv-00018 (W.D. Tex. Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare v. Google LLC*, 6-19-CV-663 (W.D. Tex. Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage v. Nine Energy*, No. 6-20-cv-277 (W.D. Tex. Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6-20-cv-00075 (W.D. Tex. Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6-19-CV-00680 (W.D. Tex. Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6-20-cv-00376-ADA (W.D. Tex. May 11, 2020) (24 months from case filing to trial)).

Further, this factor weighs even more heavily against transfer given Defendant's delay of more than three months in seeking transfer (and after filing a Rule 12(b)(6) Motion, further slowing the case). *See Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-CV-912-JRG-RSP, 2016 WL 4265034, at *2, 9 (E.D. Tex. Aug. 12, 2016) (finding that this factor weighs against transfer when the movant waited "nearly seven months after the filing of [the] Complaint").

Accordingly, while LBT agrees that this factor does not receive significantly more weight than other factors, this factor nevertheless weighs against transfer.

**F.      Local Interest Factor Weighs Against Transfer**

It is well established that district courts "ha[ve] a local interest in the disposition of any case involving a resident corporate party." *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-CV-0577-JRG, 2018 WL 4175934, at *1, 9 (E.D. Tex. June 29, 2018)). In this case, LBT is a Texas LLC based in Graham, Texas, and Defendant is a Delaware corporation based in San Francisco, California. Dkt. 1, ¶¶ 1, 2. Further, even though LBT is a small company, there is a substantial localized interest of LBT choosing to protect its property in its home forum. *AGIS Software Dev. LLC v. Apple, Inc.*, No. 2:17-CV-00516-JRG, 2018 WL 2721826, at *8 (E.D. Tex. June 6, 2018) ("[C]orporation[s] ... are equal before the law and must be treated as equals in a court of justice.").

Defendant's business practices are *not* localized interests because Defendant markets and sells its accused services throughout the entire United States. *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) ("Interests that could apply virtually to any judicial district or division in the United States, such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests.") (quotations omitted). Moreover, in addition to Defendant's acts of infringement in this District, Defendant maintains a significant presence in Texas and this District.[1] *See* Dkt. No. 1, ¶¶ 7, 8, 9, 10, 11, 12, 13(A-E), 17, 18, 19, 20, 21.

Thus, this factor weighs against transfer.

### G.    Familiarity of the Forum with the Law Factor is Neutral

---

[1] Defendant asserts in support of its Motion that it closed its facility in Austin, Texas on December 31, 2021. *See* Declaration of Natalie Love, Dkt. No. 37, at ¶10. However, as Defendant surely knows, venue is determined based on "the situation which existed when the suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Inasmuch as this suit was instituted on November 19, 2021, Defendant's alleged closing of its Austin facility on December 31, 2021, is of no moment related to this Motion.

Both this District and the Northern District of California are well versed in the issues of patent law. LBT sees no evidence to the contrary to this, and therefore, this factor does not support transfer, and Defendant has no argument otherwise. Accordingly, this factor does not weigh in support of, or against, transfer.

### H. Avoidance of Conflict of Laws with Foreign Law Factor is Neutral

As with the prior factor, LBT sees no evidence to support or deny transfer under this factor. Thus, this factor also is neutral on the issue of transfer.

## VI. CONCLUSION

Because Defendant fails to meet its burden of showing that the Northern District of California is a "clearly" more convenient forum, the Court should deny Defendant's Motion to Transfer Venue.

Dated: May 27, 2022

Respectfully submitted,

By: /s/ *Bruce J. Rose*
Theodore Stevenson, III (TX 19196650)
ted.stevenson@alston.com
Michael J. Newton (TX 24003844)
mike.newton@alston.com
ALSTON & BIRD, LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899

Pamela Holland Councill (*pro hac vice to be filed*)*

ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Bruce J. Rose (NC 20105)
bruce.rose@alston.com
ALSTON & BIRD, LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1736

Matthew W. Howell (GA 607080)
matthew.howell@alston.com
ALSTON & BIRD, LLP

One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Plaintiff*
*LBT IP II LLC*

*Not admitted in Texas

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via filing with the Court's electronic filing system on May 27, 2022.

/s/ *Bruce J. Rose*
Bruce J. Rose