#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### WACO DIVISION

| | § | |
|---|---|---|
| **LBT IP II, LLC,** | § | |
| *Plaintiff* | § | |
| | § | 6:21-CV-01210-ADA |
| *v.* | § | |
| | § | |
| **UBER TECHNOLOGIES, INC.** | § | |
| *Defendant* | § | |

### ORDER DENYING-IN-PART AND GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Uber Technologies, Inc.'s ("Uber") Motion to Dismiss Plaintiff LBT IP II, LLC's ("LBT") direct and induced infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 18. LBT filed its Response on February 10, 2022. ECF No. 27. Uber filed its Reply on February 17, 2022. ECF No. 28. After careful consideration of the briefs and applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Uber's Motion.

### I. FACTUAL BACKGROUND

On November 19, 2021, LBT filed suit against Uber, accusing Uber of infringing four patents directed to GPS location and monitoring technology. ECF No. 1 ¶¶ 38–41. LBT alleges that Uber directly infringes, jointly infringes, and induces infringement of U.S. Patent No. 7,728,724 ("the '724 Patent"); U.S. Patent No. 7,598,855 ("the '855 Patent"); U.S. Patent No. 8,531,289 ("the '289 Patent"); and U.S. Patent No. 8,224,355 ("the '355 Patent") through its eponymous ride-hailing application. *Id.* ¶¶ 60, 76, 93, 109. Uber moves to dismiss each count under Federal Rule of Civil Procedure 12(b)(6). ECF No. 18.

## II.     LEGAL STANDARD

### A. Failure to state a claim.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### B. Induced infringement.

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (hereinafter "*Bill of Lading*")). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 U.S. Dist. LEXIS 74262, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336.

### III. ANALYSIS

Uber moves for dismissal by asserting that LBT's Complaint fails to meet the minimum pleading requirements imposed by *Twombly* and *Iqbal*. Uber contends LBT's direct infringement

claims do not sufficiently indicate how the Asserted Patents are infringed. Uber further contends LBT has not shown the requisite direction or control for its joint infringement claims. Lastly, Uber argues LBT's induced infringement claims must be dismissed because the Complaint does not plead pre-suit knowledge and does not adequately plead the underlying direct infringement. For the reasons stated below, the Court finds LBT's pleading sufficient on direct, joint, and post-suit induced infringement, and accordingly declines to dismiss LBT's Complaint on those counts. In accordance with the Court's usual practice, the Court dismisses LBT's pre-suit inducement claim and grants LBT leave to amend its Complaint to re-allege pre-suit inducement after beginning fact discovery.

### A. LBT sufficiently pleads direct infringement.

Liability for direct infringement arises under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." The activities set forth in § 271(a) do not result in direct infringement unless the accused product embodies the complete patented invention. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 & n.2 (Fed. Cir. 2000). Therefore, to state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s). *See TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965-LPS-CJB, 2018 U.S. Dist. LEXIS 167648, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018). The Federal Circuit has provided guidance on pleading direct infringement under *Iqbal / Twombly*. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). In *Disc Disease*, the Federal Circuit reversed the district court's dismissal of plaintiff's direct infringement claims, finding that the plaintiff's allegations were sufficient under

the plausibility standard of *Iqbal* and *Twombly* because the complaint specifically identified the three accused products and alleged that the accused products met "each and every element of at least one claim" of the asserted patents, either literally or equivalently. *Disc Disease*, 888 F.3d at 1260.

Uber argues that the Complaint fails to properly map the allegations to the language of the '724, '855, and '289 Patents. *See* ECF No. 18 at 6-11. But plaintiffs are not required to use the exact same terms as the asserted claim when alleging infringement by the accused products. Rather, plaintiffs only need to plead "factual content that allows the court to *draw the reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). The Court finds LBT has satisfied the minimum pleading requirements for its direct infringement claims.

### 1) The '724 Patent

LBT sufficiently pleads direct infringement of the '724 Patent. Uber argues "LBT does not identify any accused 'reference signal,' 'a first transmitter/receiver station,' or 'a second transmitter/receiver station.'" ECF No. 18 at 7. But the claim terms need not be expressly identified to allow the Court to reasonably infer Uber's infringement from the Complaint.

In the Complaint, LBT alleges:

> [T]he Uber driver's smartphone communicates and sends position information, in addition to GPS information, over a mobile network using multiple cell towers. Location of the driver's smartphone is determined by GPS by comparing measurements from two or more GPS satellites to the smartphone, and between the GPS satellites and the earth.

ECF No. 1 ¶ 67. LBT also alleges "the Uber driver's smartphone calculates location data even when line-of-sight between the Uber driver's smartphone and GPS satellites are impaired." *Id.* ¶ 68. These allegations address the following steps of the method in Asserted Claim 13:

> communicating a reference signal to triangulate location information utilizing a first transmitter/receiver station and a second transmitter/receiver station;
>
> receiving a global positioning system signal, a first transmitter/receiver station signal, and a second transmitter/receiver station signal;
>
> calculating location data responsive to the global positioning system signal, the first transmitter/receiver station signal, the second transmitter/receiver station signal, and the reference signal without line-of-sight between a global positioning system satellite and the tracked device;
>
> calculating the location data of the tracking device resulting from a comparison of measurements from gps satellites to the tracking device, measurements of distances between two or more gps satellites, and measurements of relative orientations of the two or more gps satellites, the tracking device, and earth

'724 Patent at 9:55-62, 10:1-10.

Comparing the Complaint and Asserted Claim 13, the Court can reasonably infer the "reference signal" is a signal from the driver's phone and the "transmitter/receiver stations" are the "multiple cell towers." Accordingly, the Court finds these terms to be sufficiently identified.

Uber further contends LBT does not adequately explain the above steps. *See* ECF No. 18 at 7-8. In making this argument, Uber attempts to compare this case to *De La Vega v. Microsoft Corp*. This comparison is unavailing. In that case, the plaintiff only presented the claim language and three screenshots. *See De La Vega v. Microsoft Corp.*, W-19-CV-00617-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 7, 2020). In contrast, the above language quoted from the Complaint suggests how Uber triangulates location information, and it is sufficiently aligned with the language from Asserted Claim 13. Further, a plaintiff is not required to prove its case at the pleading stage. This task is more appropriately reserved for infringement contentions. At the pleading stage, "[t]he court's task is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund*, 594

F.3d at 387; *see also ID Image Sensing LLC v. Omnivision Technologies, Inc.*, No. 20-cv-136-RGA, 2020 U.S. Dist. LEXIS 220189, at *16 (D. Del. Nov. 24, 2020) (holding that it is unnecessary for a complaint to "establish" or "prove" each element of an asserted claim is met; instead, a plaintiff must only allege facts that "plausibly" indicate that the accused products contain each of the limitations found in the asserted claim). Thus, LBT adequately pleads direct infringement of the '724 Patent.

### 2) The '855 Patent

LBT also sufficiently pleads direct infringement of the '855 Patent. Uber argues "LBT fails to identify an accused 'fourth signal' or 'adjacent tracking device' or explain 'who' allegedly transmits a 'fourth signal' from an 'adjacent tracking device' or allege whether (and if so, 'how') the required step is performed at all." ECF No. 18 at 9. Further, Uber contends LBT fails to plead whether Uber "determin[es] which of the first signal, the second signal, the third signal, and the fourth signal match defined selection criteria stored in the tracking device." *Id*. The Court disagrees.

LBT alleges "the Uber driver's smartphone also receives signals from multiple cell towers that have been pinged by the Uber driver's smartphone by the driver using the Uber Driver Application to initiate communication to which cell towers respond." ECF No. 1 ¶ 83. LBT also alleges "the Uber driver's smartphone determines its location at least in part by utilizing a GPS satellite signal and/or cell tower signal(s)." *Id.* ¶ 84. These allegations correspond to the third, fourth, and fifth steps of Asserted Claim 11:

> transmitting to the tracking device . . . a fourth signal from an adjacent tracking device;
>
> determining which of the first signal, the second signal, the third signal, and the fourth signal match defined selection criteria stored in the tracking device;

>determining location data in part based on a signal selected utilizing the defined selection criteria

'855 Patent at 17:43-54.

It can be reasonably inferred that the "adjacent tracking device" may be a cell tower that transmits a "fourth signal" and that the Uber driver's smartphone determines which signal matches "defined selection criteria" before it uses the signal to determine its location. LBT is not required to allege infringement by reciting the precise language of the asserted claim. Moreover, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *Bill of Lading*, 681 F.3d at 1335). A plaintiff "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. LBT pleads sufficient facts here.

### 3) The '289 Patent

LBT also meets the pleading standards for its claim of direct infringement of the '289 Patent. Uber argues LBT does not adequately allege that a "second tracking device" containing a "second transceiver" exists. *See* ECF No. 18 at 11. Uber also asserts LBT does not adequately explain who uses the "second tracking device" and how it determines and communicates the location of the "first tracking device." *See id*. This argument fails for the same reasons as Uber's prior arguments.

In the Complaint, LBT alleges "the Uber Platform also comprises a second tracking device which transmits and receives signals and thus contains at least one transceiver that is the second transceiver." ECF No. 1 ¶ 99. Once an Uber driver's identification information is verified, LBT states "the Uber Platform then transmits a signal which comprises location information of the first tracking device to the user's smartphone." *See id.* ¶ 100. Asserted Claim 8 consists of a system in

which "a second tracking device having a second transceiver . . . is configured to . . . determine location coordinates of the first tracking device" and "communicate a second reply signal that comprises the location coordinates to a monitoring station connected to the user terminal in part responsive to verification of the first identification code." '289 Patent 17:3-13.

The Court can reasonably infer that the "second tracking device" is the Uber Platform and that Uber uses it to locate the "first tracking device" and communicate its position to the user. This is sufficient. As noted above, LBT need not prove its case at this early stage.

### B. LBT sufficiently pleads joint infringement.

To successfully plead joint infringement, plaintiffs must present factual allegations leading to a "reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). Uber argues LBT must plead joint infringement because its infringement allegations require multiple actors. *See* ECF No. 18 at 12. Uber then suggests LBT has failed to satisfy this requirement because it neither avers that "Uber makes the 'smartphone' alleged to perform multiple claim elements in every Asserted Patent, nor that Uber directs or controls the manufacturers of alleged 'smartphones.'" *Id*. This showing is not required to plead the requisite direction or control.

LBT adequately alleges Uber's control. LBT asserts Uber operates and controls its rider and driver applications. *See* ECF No. 1 ¶ 25. LBT further explains that "[b]ecause Uber's mobile applications must be installed on a mobile computing device, Defendant controls how its riders and drivers use the infringing features of Uber's Platform and products and perform infringing steps of the methods for ride-hailing." *Id*. ¶ 28. Those allegations sufficiently allege that Uber

developed and maintains a mobile application that riders and drivers use, and in doing so directs and controls all activity. That plausibly alleges direction and control through the application that Uber provides.

LBT references multiple cases to support the sufficiency of its allegations. In *Quartz Auto Technologies LLC v. Lyft, Inc.*, this Court found Quartz's allegations of Lyft's direction and control sufficient even though certain steps of the method claims were "performed by the Driver app running on the driver's mobile phone, while the remaining steps [were] performed on Lyft's server(s)." *Quartz Auto Techs. LLC v. Lyft, Inc.*, No. 1:20-CV-00719-ADA, 2021 WL 1177886, at *3 (W.D. Tex. Mar. 29, 2021). Uber correctly points out that the Court did not address the argument presented here. *See* ECF No. 28 at 7. Lyft argued Quartz's allegations of direct infringement were unsuccessful because it did not plead direction and control over the rider app, not because Lyft does not manufacture or sell smartphones. *See Quartz*, 2021 WL 1177886, at *3. Nonetheless, *Quartz* supports LBT's position. *Quartz* found the plaintiff adequately pleaded direction and control where the defendant operated and controlled a rideshare app and where the driver's mobile phone allegedly performed some steps of the method claims. The same is true here.

LBT also points to *Proxense, LLC v. Target Corp*. In *Proxense*, this Court held a Target customer could indirectly control an element in a system claim because the system would not be put into service without the actions of the customer. *Proxense, LLC v. Target Corp.*, No. 6:20-CV-879-ADA, 2021 WL 3824690, at *3 (W.D. Tex. July 28, 2021). The Court agrees with LBT that this reasoning applies to the instant case. It is plausible that, as LBT alleges, Uber causes infringing activity of smartphones through its rider and driver apps. But-for Uber's apps, the alleged infringing activity would not occur. Therefore, it is plausible that Uber indirectly controls the infringing activity of smartphones.

Uber's reliance on *Ruby Sands LLC v. American National Bank of Texas* cannot save its case. The court found Ruby Sands "plainly fail[ed] to state a claim for relief that is plausible on its face" because it made "no factual allegations that even remotely suggest that CNB, a bank, makes, uses, offers to sell, or sells mobile devices." *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016). But the asserted claims in that case were directed to devices. *Id.* at *1. The claims in this case are system and method claims. Here, LBT does not accuse smartphones of infringement. Rather, it accuses "the functionality that Uber provides on them through its mobile applications." ECF No. 27 at 13. Accordingly, it does not matter whether Uber manufactures or sells smartphones, contrary to what Uber suggests.

From the Complaint, the Court can reasonably infer Uber exercises the requisite control over smartphones. Thus, LBT sufficiently pleads joint infringement.

### C. LBT's induced infringement claim.

#### i. LBT did not sufficiently plead pre-suit induced infringement.

The parties dispute whether LBT's Complaint plausibly alleges pre-suit inducement. Uber argues that LBT failed to allege pre-suit knowledge of the Asserted Patents, entitling Uber to dismissal of the claim. ECF No. 18 at 14. LBT, for its part, does not dispute Uber's characterization of its Complaint. Rather, LBT asks the Court to grant it leave to amend its Complaint with respect to pre-suit conduct after beginning fact discovery. ECF No. 27 at 13. The Court agrees and will follow its "usual practice" of dismissing the pre-suit inducement claims while allowing LBT to amend its Complaint after beginning fact discovery. *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *9 (W.D. Tex. Feb. 1, 2022) (noting that "it may be impossible for [plaintiffs] to allege any pre-suit knowledge without fact discovery").

### ii. Uber's post-suit inducement arguments were waived.

Uber moved for dismissal of LBT's induced infringement claims, but it did so only for its pre-suit inducement claims. In its Motion, Uber's sole grounds for dismissal on inducement were that (1) LBT failed to plead pre-suit knowledge, and (2) LBT did not adequately plead underling acts of indirect infringement. First, as discussed above, the Court is dismissing LBT's pre-suit claims and granting LBT leave to amend and add those claims back after the benefit of fact discovery. Second, LBT's Complaint pleads sufficient facts to state a plausible claim for direct infringement. *See supra* Section III.A. That analysis applies equally to the inducement claim to establish underlying acts of direct infringement. *See Bill of Lading*, 681 F.3d at 1333 (noting that a complaint must also plausibly allege direct infringement to survive a motion to dismiss an induced infringement claim).

Yet Uber in its Reply, for the very first time, argues for dismissal of LBT's post-suit induced infringement claims. Because these arguments were plainly absent in Uber's original Motion, the Court finds that they are waived. *Flores v. AT&T Corp.*, 2018 U.S. Dist. LEXIS 224256, at *25–*26 (W.D. Tex. Nov. 8, 2018) (stating "Fifth Circuit and the courts within it have held that arguments raised for the first time in a reply brief are generally waived").

### IV. CONCLUSION

For the foregoing reasons, the Court finds that LBT has adequately pleaded direct infringement, joint infringement, and post-suit inducement. Uber's Motion on those grounds are therefore **DENIED**. LBT's pre-suit inducement claims are **DISMISSED WITHOUT PREJUDICE**, and it is **GRANTED** leave to amend its Complaint to re-plead those allegations after the benefit of fact discovery.

SIGNED this 28th day of June, 2022.

                                         ALAN D ALBRIGHT
                                         UNITED STATES DISTRICT JUDGE